NO. 07-05-0339-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 12, 2006

_____


THE STATE OF TEXAS, APPELLANT

V.

JOSEPH LANDON RIDENOUR, APPELLEE


_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 6573; HONORABLE LEE WATERS, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellee Joseph Landon Ridenour was charged with capital murder. The State of Texas appeals from the trial court's ruling on appellee's motion to suppress. Presenting a sole issue, the State contends the trial court abused its discretion in suppressing and excluding appellee's voluntary and inculpatory statements that were not the subject of

custodial interrogation and that were recorded on State's Exhibit 4. We reverse and remand.

Appellee and the deceased had dated on and off and lived together at one time. After the deceased was discovered, appellee was sought by law enforcement officers as a person of interest. Appellee was not answering his phone nor his door, and officers became concerned for his welfare upon learning he had recently been diagnosed with diabetes and was suffering blackouts and diabetic comas. They contacted the apartment manager who alerted the maintenance man to let the officers into appellee's apartment.

Upon gaining entry into the apartment, officers observed appellee holding a gun under his chin and heard him pull the trigger, but the gun did not discharge. One of the officers was able to secure the gun away from appellee without resistance. Appellee was read his rights and handcuffed before being escorted to a patrol car by Reserve Deputy Vincent Marasco for transport to the police department.

According to Marasco's testimony, he was not involved in the initial entry of appellee's apartment nor in any investigation but had been dispatched to the scene at a later time where he was directed to secure the gun and transport appellee. Marasco was equipped with a body microphone that transmitted to the video recorder in his patrol car. According to Marasco, the video and audio ran continuously once he turned it on.

Approximately 35 minutes were recorded on the video labeled State's Exhibit 4. Portions of the audio are difficult to discern. The videotape spans the entire time from when appellee was escorted out of his apartment and transported to the police station where he and Marasco waited in an office until a detective arrived to interview him. Marasco testified he did not question nor interrogate appellee at any time, but that appellee did make voluntary statements to him as they engaged in casual conversation.

Defense counsel's objection that State's Exhibit 4 did not comply with article 38.22 of the Texas Code of Criminal Procedure and that it was not an accurate recording was overruled. The State argued that article 38.22 did not apply because the content of the exhibit was not the result of custodial interrogation.

After an in-chambers review of State's Exhibit 4, the trial court made an oral ruling that the audio/video device failed and was incapable of making an accurate recording. The trial court also found that no oral statements made by appellee in response to questioning by officers would be admissible. The trial court signed a written order denying appellee's motion with the exception that:

> because the Defendant was in custody, no oral statement made by the Defendant during the time period shown on State's Exhibit 4 is admissible. In this connection with respect to Exhibit 4, the Court finds that an accurate recording of the Defendant's statements was not made as required under Article 38.22, Section 3, Code of Criminal Procedure.

That same date, the trial court signed a clarification order providing in relevant part:

no oral statements of the Defendant made in respect to custodial interrogation is [sic] admissible. The Court makes no finding as to any other statements of the Defendant not made as a result of custodial interrogation which may be contained on State's Exhibit 4.

It is undisputed that appellee was in custody at the time State's Exhibit 4 was recorded. The State maintains, however, that any inculpatory statements made were not the result of custodial interrogation, and thus, the trial court made a mistake of law in applying article 38.22 of the Code. We agree.

Generally a trial court's ruling on a motion to suppress is reviewed for abuse of discretion. Balentine v. State, 71 S.W.3d 763, 768 (Tex.Cr.App. 2002). However, where, as here, we are presented with a question of law based on undisputed facts, we perform a *de novo* review. *See* Dyar v. State, 125 S.W.3d 460, 462 (Tex.Cr.App. 2003).

Voluntary, non-custodial statements are exempt from the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.1602, 16 L.Ed.2d 694 (1966), and article 38.22 of the Code of Criminal Procedure. Granviel v. State, 723 S.W.2d 141, 146 (Tex.Cr.App. 1986). Article 38.22 generally precludes the use of statements that result from custodial interrogation, absent compliance with procedural safeguards. Shiflet v. State, 732 S.W.2d 622, 623 (Tex.Cr.App. 1985) (en banc). The State concedes appellee was in custody; thus, the decisive question is whether appellee made any statements resulting from interrogation.

Interrogation refers not only to express questioning, but also to words or actions of police officers that they should know are reasonably likely to elicit an incriminating response

4

from a suspect. Rhode Island v. Innis, 446 U.S. 291, 299-302, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)*; Morris v. State*, 897 S.W.2d 528, 531 (Tex.App.–El Paso 1995, no pet.). As conceptualized in *Miranda*, interrogation must reflect a measure of compulsion above and beyond that inherent in custody itself. *Innis*, 446 U.S. at 300. When a suspect in custody spontaneously volunteers information that is not in response to interrogation by officers, the statement is admissible even though not recorded because it is not the product of custodial interrogation. *See* Stevens v. State, 671 S.W.2d 517, 520 (Tex.Cr.App. 1984); Smith v. State, 60 S.W.3d 885, 889 (Tex.App.–Amarillo 2001, no pet.).

We have reviewed State's Exhibit 4 in its entirety. Marasco testified that upon reviewing the videotape he noticed it cut in and out, but confirmed the equipment was functioning properly. While questioned on *voir dire*, he explained his body movements and the distance between his body microphone and his patrol car may have affected the recording.

During our review of State's Exhibit 4, we discerned comments by Marasco and voluntary statements by appellee. While in the patrol car, Marasco asked appellee if he was all right. At the station, Marasco told appellee he was removing the handcuffs and later arranged for appellee to have coffee. Much of the conversation by appellee was about his diabetes and his blackouts. He also made voluntary statements, *i.e.*, not remembering what he did during blackouts, having a bad temper, wondering if he was dreaming, never being in trouble until then, never doing anything like that in his life.

5

There is nothing in the testimony at the suppression hearing or on the videotape to indicate Marasco interrogated appellee by questions, words, or actions hoping to elicit incriminating statements from him. Any inculpatory statements made by appellee, although made while in custody, were voluntary because they were not made in response to interrogation by Marasco. We conclude the trial court abused its discretion in granting the motion to suppress based on article 38.22, section 3 of the Code of Criminal Procedure. We sustain the State's sole issue; however, we express no opinion regarding the admissibility of State's Exhibit 4 under the Texas Rules of Evidence or other applicable laws or rules, nor should this opinion be read to preclude the taking of additional evidence on the question of whether statements recorded on State's Exhibit 4 were the product of custodial interrogation.

Accordingly, the trial court's order on appellee's motion to suppress is reversed and the cause is remanded to the trial court for further proceedings.

Don H. Reavis
Justice

Do not publish.